# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael V. Lujan, | Case No. 2:21-cv-01672-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Burger King, et al., | |
| Defendants. | |

After the Court granted his motion to proceed *in forma pauperis* and dismissed his complaint on screening, Plaintiff Michael Lujan timely filed an amended complaint. (ECF Nos. 8 and 13). In its screening order, the Court had informed Plaintiff that "the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because an amended complain supersedes the original complaint." (ECF No. 8 at 3). However, Plaintiff's amended complaint is a single page, stating only: "Motion: Complaint; Age Discrimination because of American Disability Act (ADA) Disability Discrimination under [] 42 U.S.C. Section 1983. Seeks [r]elief in the [a]mount of $75,000.00." (ECF No. 13).

Under § 1915(e), federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

The Court dismisses Plaintiff's amended complaint for failure to state a claim upon which relief may be granted. Plaintiff's amended complaint only identifies the legal theories which he alleges but provides no facts or descriptions of what instances gave rise to his allegations. Plaintiff has not even alleged the elements of the causes of action he asserts or clearly identified his causes of action. However, given that it is Plaintiffs first attempt to amend the complaint, that Plaintiff is proceeding *pro se*, and that Plaintiff could potentially cure the deficiencies in the amended complaint, the Court gives Plaintiff leave to amend. The Court will therefore dismiss Plaintiff's amended complaint without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 13) is dismissed without prejudice giving Plaintiff leave to amend again. Plaintiff has until **Monday, February 7, 2022** to file a second amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to file a second amended complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or the first amended complaint) to make the second amended complaint complete. This is because every amended complaint supersedes (replaces) the one before it. Local Rule 15-1(a) requires that each amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, any previous complaints no longer serve a function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. If Plaintiff chooses to amend his complaint again, he should title his filing "Second Amended Complaint."

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the recommended dismissal of this case.

DATED: January 6, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE